**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re*: E.S. and D.S.

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0730 (Calhoun County 14-JA-44 & 14-JA-45)

**MEMORANDUM DECISION**

Petitioner Father J.S., by counsel Erica Brannon Gunn, appeals the Circuit Court of Calhoun County's July 11, 2016, order denying his motion for custodial reallocation of six-year-old E.S. and four-year-old D.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in designating the mother as the children's primary residential custodian and ignoring the evidence that there was continued abuse and neglect in the mother's home.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition against petitioner and the mother alleging that D.S. had bruising on his chin and cheeks and swelling of his face. The petition also contained allegations related to injuries to D.S. for which neither petitioner nor the mother could provide reasonable explanation or explain why they did not seek medical treatment. The petition also alleged that petitioner had visitation with the child for the weekend and admitted that he saw the child's injuries and returned the child to the mother without reporting the injuries. The petition further alleged that the mother's home was observed to be extremely dirty with rotten food in the kitchen, and a "foul smell throughout the home." Following the filing of the petition, the children were removed from the home and placed in the custody of their paternal grandparents.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In October of 2014, petitioner filed for and was granted a pre-adjudicatory improvement period. Petitioner also filed for a custodial improvement period, but his motion was denied and the children remained in the care of their grandparents. As part of the terms and conditions of his improvement period, petitioner attended parenting classes and received supervised visits with the children. In December of 2014, the mother was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period.

In January of 2015, petitioner filed a motion for a return of custody and requested that the circuit court return the children to his physical and legal custody. In February of 2015, the circuit court held a hearing for the purposes of reviewing petitioner's improvement period and addressed his motion for return of custody. The circuit court found that petitioner successfully had completed his pre-adjudicatory improvement but ordered that the children remain in the grandparent's care.

In February of 2015, the circuit court held a review hearing regarding the mother's improvement period. The circuit court found that the mother successfully completed her improvement period and ordered the return of the children to her physical and legal custody, upon the recommendations of the guardian and the DHHR. The circuit court further ordered the reinstatement of petitioner's weekend parenting time as per the parties' former parenting plan.

In September of 2015, petitioner filed a motion for a modification of custodial allocation, alleging a number of safety concerns, that the children were "tearful and visibly scared when they [had] to go home," and that he believed that it was in the children's best interests for him to be designated their primary residential custodian. In support of his motion, petitioner argued that he was not adjudicated as an abusing parent in the abuse and neglect proceeding and had physical custody of the children from February 2015 until June of 2015 while the mother was completing her improvement period. The circuit court ultimately denied petitioner's motion and ordered that the children remain with the mother. In January of 2016, petitioner filed a second motion for an immediate modification of custody, alleging that he observed bruises on the children and that the children reported to him that their mother's boyfriend threatened them, bruised them, and rubbed D.S.'s nose in urine as a method of discipline. The motion also alleged that the children had lice, that the mother failed to take E.S. to a follow-up medical appointment, and that petitioner was "concerned that the children may be exposed to drug use" in the mother's home. In February of 2016, the circuit court held a hearing on petitioner's motion. The circuit court allowed the guardian to interview the children regarding petitioner's allegations. According to the guardian, the children expressed no fear of their mother but did express an aversion to the boyfriend and confirmed that he rubbed D.S. nose in urine after the child urinated in his bed. Based on the guardian's interview, the circuit court ordered that the children remain in the mother's custody but that the children have no contact with the mother's boyfriend. The circuit court also ordered that the children undergo psychological abuse and neglect evaluations prior to the final hearing.

Following a number of continuances, the circuit court held a final hearing on petitioner's motions in June of 2016. At the hearing, petitioner testified that when the children came for their weekend visits, he observed bruising on the children's backs. He testified that the children reported to him that the mother's boyfriend caused the bruising and that they were instructed to

2

lie regarding the boyfriend's alleged abuse. He also testified that he contacted the DHHR regarding the bruising and filed a motion for the return of custody. He further testified that the children were often dirty when he picked them up from their mother's care and had lice on several occasions. The parenting instruction provider testified that the mother successfully completed parenting education and the provider had no concerns about her ability to parent the children. A DHHR worker testified that neither the children's psychological abuse and neglect evaluations nor the DHHR investigation into the allegations substantiated petition's claims of maltreatment or abuse by the mother.

At the conclusion of the hearing, the circuit court found that petitioner failed to meet his burden of proving the allegations set forth in his motions. The circuit court also found that the children's psychological abuse and neglect evaluations failed to substantiate the allegations. Therefore, the circuit court ruled that there had been no substantial change in circumstances sufficient to warrant a modification of custodial allocation and denied petitioner's motions by order entered on July 11, 2016. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the circuit court's order denying petitioner's motion to modify custodial allocation.

On appeal, petitioner argues that the circuit court erred in failing to designate him as the children's primary residential custodian on the ground that the circuit court ignored the limiting factors set out in West Virginia Code § 48-9-209. We disagree.

Pursuant to West Virginia Code § 48-9-209, if a parent

[h]as abused, neglected or abandoned a child . . . the court shall impose limits that are reasonably calculated to protect the child or child's parent from harm. The limitations that the court shall consider include, but are not limited to . . . [a]n adjustment of the custodial responsibility of the parents; [s]upervision of the custodial time between a parent and the child; [e]xchange of the child between

3

parents through an intermediary, or in a protected setting; Restraints on the parent from communication with or proximity to the other parent or the child; [a] requirement that the parent abstain from possession or consumption of alcohol or nonprescribed drugs while exercising custodial responsibility and in the twenty-four hour period immediately preceding such exercise; [d]enial of overnight custodial responsibility; [r]estrictions on the presence of specific persons while the parent is with the child; [a] requirement that the parent post a bond to secure return of the child following a period in which the parent is exercising custodial responsibility or to secure other performance required by the court; [a] requirement that the parent complete a program of intervention for perpetrators of domestic violence, for drug or alcohol abuse, or a program designed to correct another factor; or [a]ny other constraints or conditions that the court deems necessary to provide for the safety of the child, a child's parent or any person whose safety immediately affects the child's welfare.

Petitioner's first argument is essentially that the circuit court should have made him the children's primary custodial parent because he was not adjudicated as an abusing parent. It is clear from a plain reading of the statute that West Virginia Code § 48-9-209 does not require that the circuit court change the designation of custodial parent simply because a parent was adjudicated as an abusing parent. Moreover, the statute does not require that the circuit court modify a parenting plan based upon a finding of abuse and neglect. Rather, the statute requires that the circuit court consider a number of factors which "are reasonably calculated to protect the child or child's parent from harm." W. Va. Code § 48-9-209(b) (2016). The record on appeal indicates that both parties successfully completed their respective improvement periods and, as a result, the circuit court found that both parents were fit and directed the parties adhere to the terms of their previous parenting plan. As such, we find that the circuit court did not err in denying petitioner's motion to modify custodial allocation.

Petitioner also claims that the circuit court erred in ignoring petitioner's evidence that there was continued abuse and neglect in the mother's home. The record on appeal indicates that, contrary to petitioner's argument, the circuit court held hearings regarding petitioner's new abuse allegations and ordered that the children undergo psychological abuse and neglect evaluations. At those hearings, a parenting instruction provider testified that the mother successfully completed parenting education and that there were no lingering concerns about her ability to parent the children. A DHHR worker testified that neither the children's psychological abuse and neglect evaluations nor the DHHR investigation into the allegations substantiated petitioner's claims of maltreatment or abuse by the mother. As a result of the evidence presented, the circuit court found that petitioner's abuse allegations were unsubstantiated. The circuit court also found that there was no substantial change in circumstances sufficient to warrant a modification of custodial allocation and denied petitioner's motions. Consequently, under the facts presented here, we find no error in the circuit court's order denying petitioner's motion to modify custodial allocation.

For the foregoing reasons, we hereby affirm the circuit court's July 11, 2016, order.

Affirmed.

4

**ISSUED**:  February 21, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker